IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GRUNLEY CONSTRUCTION COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04-655C |
| v. | ) | |
| | ) | (Judge Hodges) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSE**

For its answer to plaintiff's complaint, defendant admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 constitute conclusions of law and plaintiff's characterizations of its case, to which no repsonse is required; to the extent they may be deemed allegations of fact, admits that the National Archives and Records Administration awarded Contract No. NAMA-00-SEM-0012 to Grunley Construction Company, Inc., and admits the allegations contained in paragraph 1 to the extent supported by the contract, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 1.

2. The allegations contained in paragraph 2 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

3. Admits the allegations contained in paragraph 3 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 3.

4. Admits the allegations contained in paragraph 4 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 4.

5. Denies the allegations contained in paragraph 5 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

6. Admits the allegations contained in paragraph 6 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 6.

7. Admits the allegations contained in paragraph 7 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 7.

8. Denies.

9. Admits the allegations contained in paragraph 9 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 9.

10. Admits the allegations contained in the first sentence of paragraph 10 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in the first sentence of paragraph 10. The allegations contained in the second sentence of paragraph 10 constitute conclusions of law and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

11. Denies the allegations contained in paragraph 11 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

12. The allegations contained in paragraph 12 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

13. Denies the allegations contained in the first sentence of paragraph 13. The allegation contained in the second sentence of paragraph 13 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

14. Admits that certain concrete masonry walls were built in the sub-basement of the building by Grunley and/or its subcontractor; otherwise denies the allegations contained in paragraph 14.

15. Admits the allegations contained in paragraph 15 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 15.

16. Admits the allegations contained in paragraph 16 to the extent supported by the document cited, which is the best evidence of their contents; otherwise denies the allegations contained in paragraph 16.

17. Denies.

18. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 17, or to any relief whatsoever.

19. Denies each and every allegation not previously admitted or otherwise qualified.

**FIRST AFFIRMATIVE DEFENSE**

20. Plaintiff's claim is barred by the plain language of the "Changes" clause because plaintiff failed to provide the Government with timely notice of the additional costs it claims to have incurred.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

s/ Andrew P. Averbach
ANDREW P. AVERBACH
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
Washington, DC 20530
Tel. (202) 307-0290
Fax. (202) 514-8624

Attorneys for Defendant

Of Counsel:
Stephani L. Abramson
Assistant General Counsel
National Archives and Records Administration
8601 Adelphi Road
Room 3110
College Park, MD 20740

August 12, 2004