IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GRUNLEY CONSTRUCTION COMPANY, | ) | |
| Plaintiff, | ) | |
| | ) | No. 04-655C |
| v. | ) | |
| | ) | (Judge Hodges) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"), plaintiff and defendant respectfully submit the following joint preliminary status report:

a. Jurisdiction

Plaintiff states that the Court has jurisdiction to consider and decide this action pursuant to 28 U.S.C. § 1491. Defendant is not aware of a basis upon which to challenge the Court's jurisdiction at this time.

b. Consolidation

The parties agree that this case should not be consolidated with any other case.

c. Bifurcation

The parties agree that trial of liability and damages should not be bifurcated.

d. Deferral

The parties agree that further proceedings in this case should not be deferred pending consideration of another case before this Court of any other tribunal.

e. Remand/Suspension

The parties agree that no remand or suspension will be sought.

f. Joinder

The parties agree that no additional parties will be joined.

g. Dispositive Motions

One or both parties may move for summary judgment pursuant to RCFC 56.

h. Relevant Issues

1. Whether the plans supplied by defendant for renovation and remodeling work indicated the full extent of masonry work to be performed and, if not, whether any ambiguity in the plans placed upon plaintiff and/or its masonry subcontractor a duty to inquire as to the full extent of the masonry work required.

2. Whether plaintiff and/or its masonry subcontractor was actually misled as to the full extent of the masonry work required.

3. Whether plaintiff is barred from recovering the amount it seeks in this action because it failed to notify defendant of the allegedly changed condition of the property in a timely manner.

4. The amount of damages, if any, plaintiff and/or its masonry subcontractor has suffered as a result of the allegedly changed condition.

i. Settlement

The parties anticipate pursuing settlement negotiations upon an informal basis as the litigation progresses.

j. Trial

As stated above, one or both parties may move for summary judgment pursuant to RCFC 56. If dispositive motions are not submitted, or if they are not completely dispositive of this action, the parties anticipate proceeding to trial. The parties do not request expedited trial scheduling. The parties anticipate that a trial would take place in Washington, D.C.

k. Electronic Case Management

Parties have no special issue regarding electronic case management needs.

l. Additional Information

There is no additional information of which the Court should be aware at this time.

m. Proposed Discovery Plan

The parties intend to conduct simultaneous discovery through interrogatories, requests for admission, requests for production of documents, and depositions. The parties propose the following discovery schedule:

| | |
|---|---|
| Exchange of Initial Disclosures | November 1, 2004 |
| Close of Fact Discovery | March 1, 2005 |
| Plaintiff's Expert Report Due | April 1, 2005 |
| Defendant's Expert Report Due | May 1, 2005 |
| Deadline for Expert Depositions | June 1, 2005 |

Respectfully submitted,

s/Philip Clark Jones
JONES & ASSOCIATES, LLC
Six Dock Street
Annapolis, MD 21401
Tel.: (410) 626-0050
D.C. Metro: (301) 858-5723

Attorneys for Plaintiff

PETER D. KEISLER.
Assistant Attorney General

DAVID M. COHEN
Director

s/ Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

s/ Andrew P. Averbach
ANDREW P. AVERBACH
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, DC 20530
Tel. (202) 353-0527
Fax. (202) 514-8624

Attorneys for Defendant

October 4, 2004