IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GRUNLEY CONSTRUCTION COMPANY, | ) | |
| Plaintiff, | ) | No. 04-655C |
| v. | ) | (Judge Hodges) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**STIPULATION FOR ENTRY OF JUDGMENT**

To settle the claims asserted in the complaint and to permit the entry of final judgment on those claims, without constituting an admission of liability on the part of the defendant, it is stipulated and agreed between the parties:

1. On October 2, 2000, defendant, the United States, acting through the National Archives and Records Administration, awarded Grunley Construction Company ("Grunley") Contract No. NAMA-00-SEM-0012 to complete Phase 2 of the renovation of its headquarters building (the "contract"). Grunley hired MBS, Inc. as the subcontractor to perform the concrete masonry work for the project.

2. Grunley contends that the drawings upon which it based its bid for the contract contained an ambiguity, and as a result, it did not include in its bid certain concrete masonry work that was eventually completed.

3. On October 15, 2003, Grunley sought an equitable adjustment to the contract. The contracting officer issued his final decision rejecting Grunley's claim for an equitable adjustment on October 28, 2003.

4. On April 14, 2004, Grunley filed its complaint in this Court seeking damages from

defendant in the amount of $47,303.47 plus pre-judgment interest and attorney fees.

5. Grunley has offered to dismiss with prejudice each and all of its claims in this case in exchange for payment by the United States in the amount of $7,500, inclusive of interest, with each party to bear its own costs, expenses, and attorney fees.

6. Grunley's offer has been accepted on behalf of the Attorney General.

7. The United States consents to entry of judgment against the United States in favor of Grunley as set forth in paragraph 5.

8. Upon entry of judgment, Grunley releases, waives, and abandons all claims against the United States, its political subdivisions, its officers, agents, and employees, arising out of or related to the facts and events alleged in the complaint, regardless of whether those claims are asserted in the complaint, including, but not limited to, all claims for costs, expenses, attorney fees, compensatory damages, and exemplary damages.

9. This stipulation is in no way related to or concerned with income or other taxes for which Grunley is now liable or may become liable in the future as a result of this stipulation or as a result of entry of a final judgment.

10. Grunley warrants and represents that no other action or suit with respect to the claims advanced in this suit is pending or will be filed in or submitted to any other court, administrative agency, or legislative body. Grunley further warrants and represents that it has made no assignment or transfer of all or any part of its rights arising out of or relating to the claims advanced in this suit. Should there be now or in the future any violation of these warranties and representations, any amount paid by the United States pursuant to this stipulation or pursuant to any judgment entered pursuant to this stipulation shall be refunded promptly by

Grunley, together with interest thereon at the rates provided in 41 U.S.C. § 611, computed from the date the United States makes such payment.

11. This stipulation is for the purposes of settling this case and permitting entry of final judgment, and for no other purpose. Accordingly, this stipulation shall not bind the parties, nor shall it be cited or otherwise referred to, in any proceedings, whether judicial or administrative in nature, in which the parties or counsel for the parties have or may acquire an interest, except as is necessary to effect the terms of this stipulation.

12. Plaintiff's counsel represents that he has been and is authorized to enter into this stipulation on behalf of Grunley.

13. This document constitutes a complete integration of the stipulation between the parties and supercedes any and all prior oral or written representations, understandings or agreements among or between them.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Frank E. White, Jr.
FRANK E. WHITE, JR.
Assistant Director
Authorized Representative of the
Attorney General

s/ Philip Clark Jones
PHILIP CLARK JONES
Jones & Associates, LLC
Six Dock Street
Annapolis, MD 21401
(410) 626-0050

Attorney for Plaintiff

s/ Marla T. Conneely
MARLA T. CONNEELY
Attorney
Department of Justice
Civil Division
1100 L St. NW
Washington, D.C., 20530
(202) 307-0972

Attorneys for Defendant

December 22, 2004